# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 20-0234V
UNPUBLISHED

| | |
|---|---|
| CYNTHIA CHISM, | Chief Special Master Corcoran |
| Petitioner, | Filed: November 10, 2021 |
| v. | Special Processing Unit (SPU); Joint Stipulation on Damages; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Leigh Finfer, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Benjamin Patrick Warder, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON JOINT STIPULATION[1]

On March 2, 2020, Cynthia Chism filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA"), a defined Table Injury, caused by the influenza ("flu") vaccine on October 8, 2018. Petition at 1, ¶¶ 2, 17; Stipulation at ¶¶ 1-2, 4. Petitioner further alleges that she received the vaccine in the United States, that she suffered the residual effects of her SIRVA for more than six months, and that neither she nor any other person has filed a civil action or received compensation for her SIRVA. Petition at ¶¶ 17-18; Stipulation at ¶¶ 3-5. "Respondent denies that [P]etitioner sustained a Table SIRVA within the Table timeframe, and denies that the flu vaccine in fact caused her alleged shoulder injury and residual effects, or any other injury." Stipulation at ¶ 6.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Nevertheless, on November 10, 2021, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. I find the stipulation reasonable and adopt it as my decision awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **I award <u>$30,000.00</u>** in compensation as follows:

1. **A lump sum payment of <u>$27,630.00</u> in the form of a check payable to Petitioner; and**

2. **A lump sum payment of <u>$2,370.00</u>, representing reimbursement of a Medicaid lien for services rendered to Petitioner by the State of Tennessee, in the form of a check payable jointly to Petitioner and BCBST, and mailed to:**

BCBST
1 Cameron Hill Circle, Ste. 0008
Chattanooga, Tennessee 37402-0008
ID Number: M13950797.

Stipulation at ¶ 8. Petitioner agrees to endorse the check to BCBST for satisfaction of the Medicaid lien. This amount represents compensation for all items of damages that would be available under Section 15(a). *Id.*

I approve the requested amount for Petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |  |
|---|---|---|
| CYNTHIA CHISM, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 20-234V **(ECF)** |
| v. | ) | Chief Special Master Corcoran |
| | ) | |
| SECRETARY OF HEALTH | ) | |
| AND HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## STIPULATION

The parties hereby stipulate to the following matters:

1.      Cynthia Chism ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 ("Vaccine Program"). The petition seeks compensation for injuries allegedly sustained following petitioner's receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table ("Table"), 42 C.F.R. § 100.3(a).

2.      Petitioner received the flu vaccine on October 8, 2018. Petitioner received a tetanus-diphtheria-acellular pertussis ("Tdap") vaccine in her left arm on the same date.

3.      The vaccine was administered within the United States.

4.      Petitioner alleges that she sustained the first symptom or manifestation of onset of a right Shoulder Injury Related to Vaccine Administration ("SIRVA") within the time period set forth in the Table. Petitioner further alleges that she experienced the residual effects of her SIRVA for more than six months.

5.      Petitioner represents that there has been no prior award or settlement of a civil

1

action for damages as a result of her condition.

6.      Respondent denies that petitioner sustained a Table SIRVA within the Table

timeframe, and denies that the flu vaccine in fact caused her alleged shoulder injury and residual

effects, or any other injury.

7.      Maintaining their above-stated positions, the parties nevertheless now agree that

the issues between them shall be settled, and that a decision should be entered awarding the

compensation described in paragraph 8 of this Stipulation.

8.      As soon as practicable after an entry of judgment reflecting a decision consistent

with the terms of this Stipulation, and after petitioner has filed an election to receive

compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human

Services will issue the following vaccine compensation payments:

A.      A lump sum of $27,630.00 in the form of a check payable to petitioner; and

B.      A lump sum of $2,370.00,[1] representing reimbursement of a Medicaid lien
        for services rendered to petitioner by the State of Tennessee, in the form of
        a check payable jointly to petitioner and BCBST:

BCBST
1 Cameron Hill Circle, Ste. 0008
Chattanooga, Tennessee 37402-0008
ID Number:  M13950797

Petitioner agrees to endorse this check to BCBST.

These amounts represent compensation for all damages that would be available under 42

---

[1] This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or
cause of action that the State of Tennessee may have against any individual as a result of any
Medicaid payments that the Tennessee Program has made to or on behalf of Cynthia Chism as a
result of her alleged vaccine-related injury suffered on or about October 8, 2018, under Title XIX
of the Social Security Act, *see* 42 U.S.C. § 300aa-15(g), (h).

U.S.C. § 300aa-15(a).

9.      As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the chief special master to award reasonable attorney fees and costs incurred in proceeding upon this petition.

10.     Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Vaccine Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made, or can reasonably be expected to be made, under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act, 42 U.S.C. § 1396, *et seq.*), or by entities that provide health services on a prepaid basis.

11.     Payment made pursuant to paragraph 8, and any amounts awarded pursuant to paragraph 9 of this Stipulation, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12.     The parties and their attorneys further agree and stipulate that, except for any award for attorney fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner, as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13.     In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors, or assigns, does forever irrevocably and unconditionally release, acquit, and discharge the Secretary of

3

Health and Human Services and the United States of America from any and all actions or causes

of action (including agreements, judgments, claims, damages, loss of services, expenses, and all

demands of whatever kind or nature) that have been brought, could have been brought, or could

be timely brought in the Court of Federal Claims, under the National Vaccine Injury

Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*, on account of, or in any way growing out

of, any and all known or unknown, suspected or unsuspected, personal injuries to, or death of,

petitioner resulting from, or alleged to have resulted from, the flu and Tdap vaccines

administered on October 8, 2018, as alleged by petitioner in a petition for vaccine compensation

filed on or about March 2, 2020, in the United States Court of Federal Claims as petition No. 20-

234V.

14.     If petitioner should die prior to entry of judgment, this agreement shall be

voidable upon proper notice to the Court on behalf of either or both of the parties.

15.     If the chief special master fails to issue a decision in complete conformity with the

terms of this Stipulation, or if the Court of Federal Claims fails to enter judgment in conformity

with a decision that is in complete conformity with the terms of this Stipulation, then the parties'

settlement and this Stipulation shall be voidable at the sole discretion of either party.

16.     This Stipulation expresses a full and complete negotiated settlement of liability

and damages claimed under the National Vaccine Injury Act of 1986, as amended, except as

otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the

parties hereto to make any payment, or to do any act or thing other than is herein expressly stated

and clearly agreed to. The parties further agree and understand that the award described in this

Stipulation may reflect a compromise of the parties' respective positions as to liability and/or

amount of damages, and further, that a change in the nature of the injury or condition, or in the

4

items of compensation sought, is not grounds to modify or revise this agreement.

17.   This Stipulation shall not be construed as an admission by the United States of America or the Secretary of Health and Human Services that petitioner's alleged right shoulder injury and residual effects, or any other injury, were caused by the flu vaccine.

18.   All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, successors, and/or assigns.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

5

Respectfully submitted,

**PETITIONER:**

*[signature]*
CYNTHIA CHISM

| | |
|---|---|
| **ATTORNEY OF RECORD FOR PETITIONER:** | **AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:** |

*[signature]*

LEIGH A. FINFER
Muller Brazil, LLP
715 Twining Road, Suite 208
Dresher, PA 19025
(215) 885-1655

*[signature]*

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

**ATTORNEY OF RECORD FOR RESPONDENT:**

*Dale Mishler, DHSc, APRN, for*
TAMARA OVERBY
Acting Director, Division of Injury
   Compensation Programs (DICP)
Health Systems Bureau
Health Resources and
   Services Administration
U.S. Department of Health
   and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

Dated: **11/09/2021**

*Benjamin P Warder*
*by Heather L Pearl*
BENJAMIN P. WARDER
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Telephone: (202) 532-5464
Email: Benjamin.P.Warder@usdoj.gov

6